JUSTICE GRAY,
dissenting.
I respectfully dissent from the Court’s opinion. While I do not disagree that the Water District made a prima facie showing that the statutes at issue, as applied by the City, violate its rights under the contract clauses of the United States and Montana Constitutions, I cannot agree that the Water District has established that allowing the City to enforce the 1996 water rates would tend to render a later judgment in its favor ineffectual. Nor do I agree with the manner in which the Court applies standards of review in this case.
At the outset, it is important to observe that our standard in reviewing a trial court’s denial of an application for a preliminary injunction is “manifest abuse of discretion.” That the grant or denial of a preliminary injunction is a matter within the trial court’s discretion is evident from the permissive language of the controlling statute, which states that an injunction “may” be granted when the enumerated circumstances are met. See § 27-19-201, MCA. The Court, having correctly cited the applicable standard of review, never returns to it or discusses how the District Court abused its discretion in denying the Water District’s application for a preliminary injunction.
Nor does the Court’s reliance on the “conclusion of law” standard excuse its failure to properly apply the “abuse of discretion” standard *233 of review. I agree with the Court’s implicit, but unstated, conclusion that the question of whether a party has made a prima facie showing is a legal question. Thus, to the extent we are reviewing a determination by the District Court that the Water District did not make a prima facie case of violation of its constitutional contract clause rights, it is proper to do so by determining whether that court’s interpretation of the law is correct. The Court concludes, and I agree, that the District Court erred as a matter of law when it determined that the Water District had not made a prima facie case.
That conclusion, however, is unrelated to the District Court’s ruling that allowing the City to enforce its 1996 water rates would not tend to render an ultimate judgment in the Water District’s favor ineffectual. See § 27-19-201(3), MCA. This is a discretionary call by the District Court, subject to the manifest abuse of discretion standard the Court cites. The Court refuses to apply the standard, however, preferring instead to merely substitute its own judgment for that of the District Court on this matter within the trial court’s discretion.
It is my view that, on the record before us, the District Court did not abuse its discretion in deciding that allowing the City to enforce its 1996 water rates would not tend to render a judgment in the Water District’s favor ineffectual. The record is very limited on this question and the Court’s statements in this regard are, at best, general. It is true that the affidavit of Mr. Aarness, the Water District’s manager, states that enforcement of the 1996 water rates will cause the Water District to “eventually” become financially insolvent — at some unspecified time in the future — if it does not pass the increases along to its customers. It is undisputed, however, that the Water District has $3,000,000 in unallocated reserves with which, presumably, it could pay the 1996 water rate increases over a significant period of time, either in whole or in part, to cushion the impact of the increased rates on its customers. The Water District has made no showing whatsoever that its available reserves would not be sufficient to absorb the entirety, much less only part, of the 1996 rate increase over the time period required for a decision on the merits in this litigation.
As an alternative to this insufficiently supported insolvency argument, Mr. Aarness’ affidavit states that, if the Water District passes the water rate increases on to its customers, they ‘likely” will petition to dissolve the Water District because their rates will be substantially higher than those charged by the City. This statement is problematic in several regards.
*234 First, affidavits based on personal knowledge, as Mr. Aarness’ purports to be, are required to be based on admissible facts. They cannot properly be used to speculate or to predict the future actions of other people. No basis, much less any factual basis, is provided for Mr. Aarness’ statement. Thus, Mr. Aarness’ view of the “likely” response of the Water District’s customers in the event it passes the City’s water rate increase along is not properly considered here.
Moreover, as a practical matter, the fact that the Water District’s customers’ water rates would be substantially higher than those paid by City residents would not necessarily result in a petition to dissolve the Water District. It is not as simple a matter as switching from water service by the Water District to water service by the City. The customers of the Water District are not individually or directly attached to the City water system; nor are they necessarily entitled to City water service at all absent the existence of the Water District. Thus, the ‘likelihood” of a petition to dissolve is minimal, absent some showing by the Water District that its customers had options or alternatives regarding water service. No such showing has been made here.
Finally, a petition to dissolve pursuant to § 7-13-2351, MCA, even if one actually were signed by more than 50% of the freeholders of the district, does not dissolve the Water District. Such a petition is the beginning of a process, not the end of one. The Water District could be dissolved only if, after a public hearing, the board of directors determined that dissolution is in the best interest of the public and the Yellowstone County Commissioners approved the dissolution. Section 7-13-2351, MCA. Here, nothing of record supports reliance on the specter of dissolution of the Water District as a basis for this Court’s determination that the Water District established that a judgment in its favor would tend to be rendered ineffectual by allowing the City to enforce its 1996 water rates during the pendency of this litigation.
Faced with this record, and with an opening brief by the Water District that does not even mention the requirements of § 27-19-201(3), MCA, the statute under which it sought the preliminary injunction, the Court is compelled to rely on being “mindful that courts often consider constitutional rights violations as producing injuries which cannot effectively be remedied by a legal judgment.” Indeed, the Court cites to decisions where courts have done so in situations where irreparable injury is produced by a violation of certain constitutional rights. Those cases involve First and Eighth Amendment rights, however, and I submit that a violation of such *235 rights is entirely and qualitatively different from a potential violation of the contract clause, in which money is at stake, such as the case presently before us. Neither the Water District nor the Court explains or establishes how the potential violation of constitutional contract clause rights will produce injuries to the Water District which cannot be remedied by a legal judgment.
In addition, the “irreparable injury” cases are not applicable here. Section 27-19-201, MCA, sets out a variety of circumstances under which a preliminary injunction may be granted. It is undisputed that the Water District brought its injunction application under § 27-19-201(3), MCA, which is the focal point of both the Court’s opinion and this dissent. The “irreparable injury” basis for seeking a preliminary injunction is contained in § 27-19-201(2), MCA, which is not at issue here. Indeed, counsel for the Water District stated unequivocally during oral argument on its application that it was not even attempting to show irreparable injury.
I cannot agree with the Court’s “stretch” to principles that have no application here or with its failure to properly apply our standard of review. I would hold that the District Court did not manifestly abuse its discretion in denying the Water District’s application for a preliminary injunction.
JUSTICE NELSON joins in the foregoing dissenting opinion.